**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4120**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMAR SERON RANDALL,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00174-MOC-1)

Submitted:  November 16, 2015          Decided:  December 4, 2015

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Seron Randall appeals the 72-month sentence imposed by the district court following his straight up guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012).[1] On appeal, Randall contends that, under Alleyne v. United States, 133 S. Ct. 2151 (2013), the district court violated his Fifth and Sixth Amendment rights by engaging in judicial factfinding to increase his base offense level and establish the applicable Sentencing Guidelines range. In assessing the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Finding no error, we affirm.

In Alleyne, the Supreme Court held "that any fact that increases the mandatory minimum is an element [of the offense] that must be submitted to the jury." 133 S. Ct. at 2155 (internal quotation marks omitted). Here, the district court's finding that the firearm had an obliterated serial number served to increase the advisory Guidelines range, but did not affect

---

[1] Randall originally pled guilty to this charge in 2011. The district court subsequently concluded, on a 28 U.S.C. § 2255 (2012) motion, that Randall was denied effective assistance of counsel during the plea bargaining process. The court vacated the judgment to afford Randall an opportunity to enter a new plea and, in October 2014, Randall once again pled guilty.

2

Randall's statutory sentencing range.[2] Thus, <u>Alleyne</u> does not apply. Similarly, Randall's reliance on <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013) (addressing when courts may use the modified categorical approach to determine whether a prior conviction qualifies as a predicate offense for purposes of recidivist enhancements), is unavailing.

We conclude that the district court did not violate Randall's constitutional rights by engaging in judicial factfinding at sentencing that did not affect his statutory sentencing exposure. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] Randall's statutory mandatory maximum sentence under 18 U.S.C. § 922(g)(1) was 10 years' imprisonment and there was no statutory mandatory minimum sentence. 18 U.S.C. § 924(a)(2) (2012).